HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANETTE LABLOND,

    Plaintiff,

  v.

PHH MORTGAGE CORP., et al.,

    Defendants.

CASE NO. C16-5703-RBL

ORDER DENYING MOTION FOR A TRO

[Dkt. #5]

THIS MATTER is before the Court on plaintiff Lablond's Motion for a Temporary Restraining Order, enjoining the trustee's sale of her residence on August 26. Lablond's Motion (and her underlying Complaint) assert three primary claims, or arguments: she claims her lender has not "properly accounted" for payments that she has made toward her outstanding balance; she was not given an opportunity to modify her loan; and her loan was transferred or sold without what she claims was required notice.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415

1  U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir.
2  2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a
3  likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in
4  the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving
5  party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council,*
6  *Inc.*, 555 U.S. 7, 20 (2008).

7        Traditionally, injunctive relief was also appropriate under an alternative "sliding scale"
8  test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth
9  Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*.
10       *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.
11 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no
12 longer controlling, or even viable").

13       Lablond's Motion cannot meet this standard. She does not provide a declaration or any
14 other evidence supporting any of her allegations. She does not provide an accounting showing
15 how much she claims to have paid or how much her lender claims she owes, or whether or why
16 there is a discrepancy, or what it is. She does not say whether or not an accounting "correction"
17 would leave her in default, and she does not claim that she is not in default on her loan.

18       Lablond's filing similarly does not address the specifics of her efforts to modify her loan;
19 she instead relies on the conclusory claim that the lender "never ever ever gave her the option of
20 a loan modification." She does not cite any authority for the proposition that the lender breached
21 some specific obligation, or claim that she made any attempt to modify her loan. She does not
22 expressly argue that in the absence of a loan modification opportunity, the debt is discharged or
23 the foreclosure cannot proceed, and the Court is not aware of any authority so holding.

24

1  Finally, Lablond apparently disputes the assignment or sale of her loan. She claims that
2 the assignment was "illegal," and implicitly argues that the corrective for this illegality is the
3 inability to foreclose.  She provides no authority for this proposition. If she is arguing that the
4 sale of the Note itself discharged her debt, that claim is without support. Indeed, it has been
5 rejected by the Washington Supreme Court, as well as the Ninth Circuit, which concluded that
6 such a theory "has no sound basis in law or logic." *See Cervantes v. Countrywide Home Loans,*
7 *Inc.*, 656 F.3d 1034 (2011); *Bain v. Metropolitan Mortg. Grp., Inc.*, 175 Wash. 2d 83 (2012).

8  For these reasons, Lablond has not made the requisite showing of any likelihood of
9 success on the merits of her claims. Nor has she established the remaining factors, except
10 perhaps that she will suffer irreparable harm if the sale proceeds. But in the absence of some
11 meritorious claim (as well as the balance of equities tipping in her favor, and an injunction being
12 in the public interest), she is not entitled to a TRO.

13  Lablond's motion for a TRO enjoining the pending foreclosure sale [**Dkt. #5**] is
14 **DENIED**.

15  IT IS SO ORDERED.

16  Dated this 19th day of August, 2016.

Ronald B. Leighton
United States District Judge